IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01815-LTB-CBS

MATTHEW ALAN SMITH,
    Plaintiff,
v.

UNITED PARCEL SERVICE,
    Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, (2) Defendant's Second Motion to Dismiss, and (3) Plaintiff's Motion for Change of Venue. Pursuant to the Order of Reference dated September 18, 2013 (Doc. # 9) and the memoranda dated October 2, 2013 (Doc. # 14), January 2, 2014 (Doc. # 25), and February 10, 2014 (Doc. # 30), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, Mr. Smith's Objection to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment ("Response") (filed October 10, 2013) (Doc. # 20), Defendant United Parcel Service's ("UPS") Reply (filed October 21, 2013) (Doc. # 21), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

    Mr. Smith was employed by UPS from April 2006 through November 2012. (*See* Title VII Complaint (Doc. # 1) at 4 of 29). Proceeding in his *pro se* capacity, he sues UPS for

1

discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2 *et seq.*, for discrimination based on his race and gender and for retaliation. (*See* Doc. # 1 at 2 of 29). In his Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC") and included in his Complaint, he also lists discrimination on the basis of his disability under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* (*See* Doc. # 1 at 4 of 29).

II.     Standard of Review

On October 1, 2013, UPS moved to dismiss or alternatively for summary judgment on the Complaint. (*See* Doc. # 10). Mr. Smith filed his Response on October 10, 2013. (See Doc. # 20). On December 31, 2013, UPS filed its Second Motion to Dismiss. (*See* Doc. # 23). Mr. Smith has not filed any response to UPS's Second Motion.

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility in this context refer[s] to the scope of allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible. As a corollary, [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rather, the [f]actual allegations must be enough to raise a right to relief above the speculative level. When deciding a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all well-pleaded facts in the complaint and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. Legal conclusions, however, do not receive this treatment.

*Adler v. American Home Mortg. Servicing, Inc.*, 882 F. Supp. 2d 1237, 1239-40 (D. Colo. 2012) (internal quotation marks and citations omitted).

Because Mr. Smith appears *pro se*, the court reviews his "pleadings and other papers

2

liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  However, "the generous construction" that is afforded pro se pleadings has limits, and the court "must avoid becoming the plaintiff's advocate." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012) (citation omitted).  While the court must "accept the facts as the plaintiff alleges them, . . . a plaintiff's version of the facts must find support in the record." *Thomson v. Salt Lake County*, 584 F.3d 1304, 1312 (10th Cir. 2009).

III.   Analysis

A.   Exhaustion of Administrative Remedies

"Under both Title VII and the ADA, exhaustion of administrative remedies is a prerequisite to suit." *Apsley v. Boeing Co.*, 691 F.3d 1184, 1210 (10th Cir. 2012).  In the Tenth Circuit, exhaustion of administrative remedies is a "jurisdictional prerequisite to suit . . .-- not merely a condition precedent to suit." *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (citation omitted).

Title VII provides a 180–day filing period after the occurrence of an unlawful discriminatory practice. 42 U.S.C. § 2000e–5(e).  *See also McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1105 (10th Cir.2002) (provisions of ADA governing employment discrimination incorporate the procedural rules of Title VII, including the time limits).  This 180-day period is extended to three-hundred (300) days in "deferral states" such as Colorado, where the "EEOC defers to the enforcement efforts of a state agency empowered to undertake employment discrimination investigations." *Mascheroni v. Bd. of Regents of the University of California*, 28

F.3d 1554, 1557 n. 3 (10th Cir. 1994), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Therefore, in order to commence a civil action under either Title VII or the ADA in Colorado, a plaintiff must file a charge alleging unlawful discrimination with the EEOC "within three hundred days after the alleged unlawful practice occurred, . . ." 42 U.S.C. § 2000e–5. Any acts of alleged discrimination or retaliation occurring prior to the 300-day statutory time-period are time-barred. *Daniels v. United Parcel Service, Inc.*, 701 F.3d 620, 628 (10th Cir. 2012). Mr. Smith alleges he filed his Charge on June 3, 2013. (*See* Doc. # 1 at 4 of 29).[1] Three hundred days prior to the date of his Charge is August 7, 2012.

The administrative time limits created by the EEOC are "subject to waiver, estoppel, and equitable tolling." *Martinez v. Orr*, 738 F.2d 1107, 1109 (10th Cir. 1984). The issue of tolling is governed by state law. *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). In Colorado, "equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1099 (Colo. 1996). The Tenth Circuit Court of Appeals has held that the time limits in Title VII "will be tolled only if there has been 'active deception' of the claimant regarding procedural prerequisites." *Scheerer v. Rose State College*, 950 F.2d 661, 665 (10th Cir.1991). If the defendant meets its burden of showing that the

---

[1] In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account). *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). *See also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (in addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity).

4

plaintiff failed to exhaust administrative remedies, the plaintiff must demonstrate that his claims should be equitably tolled. *Harms v. IRS*, 146 F.Supp.2d 1128, 1135 (D.Kan. 2001). *See also McBride*, 281 F.3d at 1105 (plaintiff has burden of proving that he exhausted administrative remedies for his claims). Here, Mr. Smith does not address or demonstrate any basis to apply equitable tolling to the administrative time limits. Therefore, all claims based on events that occurred prior to August 7, 2012 appear to be time-barred.

B.   Failure to State a Claim

The only alleged acts of discrimination that do not appear to be time-barred are Mr. Smith's allegation that he was denied a promotion and terminated from his employment at UPS on November 19, 2012. Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . . " 42 U.S.C. § 2000e-2(a)(1). "Title VII was enacted to ensure equality of employment opportunities and to eliminate those practices and devices that have historically discriminated on the basis of race, sex, color, religion, or national origin." *Livingston v. Roadway Exp., Inc.*, 802 F.2d 1250, 1251 (10th Cir. 1986) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Similarly, the ADA prohibits a covered employer from "discriminat[ing] against a qualified individual on the basis of disability in regard to . . . discharge of employees ... [or] other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Title VII also forbids retaliation against an employee because he has "opposed" any practice made unlawful by Title VII, or because he has "participated . . . in an investigation, proceeding, or hearing under this

5

subchapter." 42 U.S.C. § 2000e-3(a).  The ADA likewise prohibits both "discriminat[ing] against any individual because such individual has opposed any act or practice made unlawful by this chapter" and "interfer[ing] with any individual in the exercise or enjoyment of ... any right granted or protected by this chapter."  42 U.S.C. § 12203(a), (b).

Mr. Smith alleges discrimination based on his "race, Black and sex, Ma[le], as well as the Americans with Disabilities Act of 1990, as amended, on the basis of my disability with respect to a failure to promote."  (*See* Doc. # 1 at 4 of 29).  Individual employment discrimination claims are analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), as are claims arising under the ADA.  *See Davidson v. America Online, Inc.*, 337 F.3d 1179 (10th Cir. 2003).  *See also Kendrick v. Penske Transp. Services, Inc.*, 220 F.3d 1220, 1229-30 (10th Cir. 2000) (burden-shifting analysis established in *McDonnell Douglas* also applies to retaliation claims);  *Den Hartog v. Wasatch Academy*, 129 F.3d 1076, 1085 (10th Cir. 1997) ("In cases involving general discrimination claims brought under ADA § 102(a), . . . this court has adopted the burden shifting scheme of *McDonnell Douglas Corp. v. Green*") (internal quotation marks and citation omitted).  Under the *McDonnell Douglas* analysis, "the plaintiff bears the initial burden of presenting a prima facie case of discrimination."  *Jackson v. City and County of Denver*, 628 F. Supp. 2d 1275, 1284 (D. Colo. 2008).  The Supreme Court has held, however, that the "prima facie case under *McDonnell Douglas* is an evidentiary standard, not a pleading requirement."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002).  *See also Bell Atlantic v. Twombly*, 550 U.S. 544, 569–70 (2007) (recognizing and not overruling *Swierkiewicz*'s conclusion that a prima facie case of discrimination need not be plead in the complaint).  Nevertheless, consistent with *Twombly*, 550 U.S. at 569–70, although a complaint need not establish a prima facie case of employment discrimination,

[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter,

6

> accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, while a plaintiff need not plead a prima facie case at the pleading stage, he or she must allege sufficient facts to plead a plausible claim. *Khalik v. United Air* Lines, 671 F.3d 1188, 1193 (10th Cir. 2012). A plaintiff must allege facts that allow the court in substance to infer elements of a prima facie case. *See Alfonso v. SCC Pueblo Belmont Operating Co., LLC*, 912 F. Supp. 2d 1018, 1026 (D. Colo. 2012) ("An inference of discrimination arises where there is a logical connection between each element of the prima facie case and the alleged discrimination") (internal quotation marks and citation omitted); *Romaine v. New York City Coll. of Tech. of the City Univ. of New York*, No. 10-CV-431 (SLT)(SMG), 2012 WL 1980371, at *2 (E.D.N.Y. June 1, 2012) ("The elements of a prima facie discrimination claim are . . . relevant to the determination of whether a complaint provides a defendant with fair notice and contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks and citation omitted).

Mr. Smith is a member of a protected class, African-American. To initially establish a prima facie case of race discrimination based on a failure to promote, he must also show that he was qualified for the position he sought, he did not receive the promotion, and the position was filled with a non-minority or remained available following the decision not to promote him. *Amro v. Boeing Co.*, 232 F.3d 790, 796 (10th Cir. 2000). To establish a prima facie claim of retaliation, a plaintiff is required to prove that (1) he engaged in protected activity, (2) a reasonable employee would have found the challenged action materially adverse, and (3) there is a causal connection between the protected activity and the adverse employment action. *McGowan v. City of Eufala*, 472 F.3d 736, 741 (10th Cir. 2006) (citation omitted). To establish

a causal connection, a plaintiff must prove that the adverse employment actions would not have occurred "but for" his protected activity.  *Vialpando v. Johanns*, 619 F. Supp. 2d 1107, 1118 (D. Colo. 2008).  To establish a prima facie case of employment discrimination under the ADA, Mr. Smith must present evidence that (1) he is disabled within the meaning of the ADA; (2) he is qualified to perform the essential functions of his job with or without accommodations; and (3) he was terminated "under circumstances which give rise to an inference that the termination was based on [his] disability."  *Smothers v. Solvay Chemicals, Inc.*, 740 F.3d 530, 544 (10th Cir. 2014).

Mr. Smith's allegation of gender discrimination is subject to a reverse discrimination analysis.  Title VII prohibits discrimination against groups that historically have not been socially disfavored, as well as groups that historically have been socially disfavored.  *Livingston v. Roadway Express, Inc.*, 802 F.2d 1250, 1252 (10th Cir. 1986) (citation omitted).  "However, the presumptions in Title VII analysis that are valid when the plaintiff belongs to a disfavored group are not necessarily justified when the plaintiff is a member of an historically favored group." *Id.*  The prima facie case is adjusted to reflect the reverse discrimination context of the lawsuit. *Reynolds v. School Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1534 (10th Cir. 1995).  *See also Livingston*, 802 F.2d at 1252 ("When a plaintiff who is a member of a favored group alleges disparate treatment, the courts have adjusted the prima facie case to reflect this specific context . . . .").  This adjustment requires the plaintiff to show either background circumstances which demonstrate that the defendant is that unusual employer who discriminates against the majority or, alternatively, that but for the plaintiff's status the challenged employment decision would not have occurred.  *See Adamson v. Multi-Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1149 (10th Cir. 2008) ("When plaintiff is a member of a historically favored group, by contrast, an inference

of invidious intent is warranted only when background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority.") (citation omitted); *Mattioda v. White*, 323 F.3d 1288, 1292 (10th Cir. 2003) ("In modifying the first prima facie requirement, this court recognized that members of the majority group are not necessarily entitled to a presumption of discrimination afforded to members of a minority group."). This alternative approach "does not displace the *McDonnell Douglas* paradigm but simply provides an alternative basis upon which plaintiffs may satisfy their prima facie burden." *Notari v. Denver Water Dept.*, 971 F.2d 585, 591 (10th Cir. 1992). "[I]t is not enough, under this alternative formulation, for a plaintiff merely to allege that he was qualified and that someone with different characteristics was the beneficiary of the challenged employment decision. Instead, the plaintiff must allege and produce evidence to support a reasonable inference that but for plaintiff's status the challenged decision would not have occurred." *Id.*, at 590 (citation omitted).

Mr. Smith's Complaint is vague and unsupported by sufficient facts that would entitle him to relief. He attached his EEOC Charge of Discrimination, in which he checked boxes noting that "Race, Sex, Retaliation," and "Disability" were the bases for the denial of a promotion and states that "[t]hese events ultimately and for the most part contributed to my termination with the company." (See Doc. # 1 at 4 of 29). However, he has not provided facts that support his assertions. He has not alleged facts concerning the circumstances of his termination or any specific promotion that he was denied. He does not identify what position he applied for or when, who made the decision not to promote him or to terminate him on November 19, 2012, or state any facts that would indicate the decision was motivated by his race, gender, disability, or retaliation. He alleges no discriminatory or retaliatory statements from which the determining cause of an employment decision might be inferred. Mr. Smith does not allege that UPS is the

9

unusual employer who discriminates against males or that but for his gender he would have received a promotion. He does not allege that male employees at UPS were disadvantaged in favor of women, or that less qualified female applicants were given any preference. He does not mention any circumstances that suggest discriminatory intent, *e.g.*, that UPS treated other employees of different races or gender more favorably with regard to a promotion or termination on November 19, 2012.

Mr. Smith does not state what his disability is, what accommodations he sought, or when he sought them. He does not allege how he could perform the essential functions of the job. In a previous lawsuit filed by Mr. Smith against UPS, the evidence showed that Mr. Smith left UPS on a leave of absence on September 10, 2011 and never returned to work and that on January 8, 2013 he suffered from medical conditions that precluded him from working at any job. (*See Smith v. United Parcel Service*, No. 12-cv-01578-LTB-CBS, Doc. # 103-1 at ¶ 13). Deposition of Mr. Smith (Doc. # 103-2) at 3-5 of 24).[2] The Complaint includes allegations of improper decisions by his union and a letter to the "Denver, CO EEOC Department" regarding the denial of unemployment insurance benefits by the Colorado Department of Labor and Employment. (*See* Doc. # 1 at 17, 21-29 of 29). Mr. Smith does not allege how these matters bear on his claims.

Mr. Smith fails to allege sufficient circumstances giving rise to an inference of unlawful discrimination. He merely states that he was "denied a promotion to the position(s) of FT 'Specialist' or 'Supervisor'" on November 19, 2012. (*See* Doc. # 1 at 4 of 29). He alleges that

---

[2] The court may take judicial notice of public records, including district court filings. *Guttman v. Kalka*, 669 F.3d 1101, 1127 n.5 (10th Cir. 2012) (citing *United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (taking judicial notice of district court record that was not part of the record on appeal)). *See also State Farm Mutual Automobile Insurance Co. v. Boellstorff*, 540 F.3d 1223, 1226 n. 7 (10th Cir. 2008) (taking judicial notice of documents in the public record).

while he is "unaware of Respondent's underlying reasons for not considering me for the promotion" he "believe[s] the underlying motive was a strategic retaliation due to a pending action and medical condition in order to reduce company fault that being liability." (*See id.* at 4, 15 of 29). Such conclusory allegations are not entitled to be assumed true. An "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Iqbal*, 556 U.S. at 678. *See also Twombly*, 550 U.S. at 557 (a complaint will not suffice if it tenders "naked assertion [s]" devoid of "further factual enhancement") In sum, Mr. Smith pleads no facts that would allow the court to infer anything more than his personal belief that UPS terminated him because of his race, gender, disability, or retaliation. His claims fail to show any plausible entitlement to relief and are properly dismissed under Rule 12(b)(6).[3]

Accordingly, IT IS RECOMMENDED that:

1. Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment be GRANTED in part;

    a. that any allegations concerning conduct occurring prior to August 7, 2012 be dismissed without prejudice for lack of subject matter jurisdiction based on failure to exhaust administrative remedies, a jurisdictional prerequisite to suit.[4]

    b. that the remaining allegations concerning conduct occurring after August 7, 2012 be dismissed without prejudice for failure to state a claim to which relief can be granted.

---

[3] The court does not at this time reach UPS's additional arguments based on dismissal as a sanction, the after-acquired evidence doctrine, or lack of standing to assert his claims. (*See* Docs. # 10, # 23).

[4] "Generally, a dismissal for lack of subject matter jurisdiction is without prejudice and does not have a preclusive effect." *Garman v. Campbell County Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010). *See also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").

      2.      Defendant's Second Motion to Dismiss be DENIED without prejudice in light of this recommendation that Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment be granted in part.

      3.      Plaintiff's Motion for Change of Venue be DENIED without prejudice in light of this recommendation that Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment be granted in part.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*,

73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 27th day of February 2014.

BY THE COURT:

　s/Craig B. Shaffer　
United States Magistrate Judge